**Mollie N. COMBS et al., Appellants,**

**v.**

**Harriet N. GRIGSBY et al., Appellees.**

Court of Appeals of Kentucky.

May 13, 1955.

D. G. Boleyn, E. E. Wooton, Hazard, for appellants.

T. E. Moore, Jr., S. M. Ward, Craft & Stanfill, Hazard, for appellees.

STANLEY, Commissioner.

This suit was brought by Mollie N. Combs and N. P. Napier and their spouses to reform a deed they executed June 13, 1946, to Harriet Grigsby of all their undivided interests (which were ⅔ of the whole) in certain property, subject to a mining lease dated September 24, 1923, now held by the Columbus Mining Company, and to recover past and future rentals and royalties. The reformation sought was to have the deed convey only undivided interests in the surface of the land.

The land was owned by Eliza Grigsby, mother of the parties, when she died intestate in April, 1941. It had descended to the two grantors and the grantee and four other children and the descendants of a deceased child. The deed referred to the excepted 1923 mining lease and provided that the grantors "should receive the remuneration set out" in the lease. The petition al-leges that there was another mining lease, of date September 25, 1917, which provided for the payment of minimum royalty of $600 per year, and two other leases of small areas for the purpose of erecting miners' dwelling houses, for which the lessee agreed to pay $200 annually. They were not excepted from the conveyance. It is sought to reform the deed to embrace all three of these leases and to recover the grantors' share of payments made under them.

The various ramifications of the subsequent transactions respecting these leases and certain assignments, the operation of the mines, and the payment of rentals and royalties cause difficulty of understanding. It appears that royalties from the 1923 lease were collected by one of Eliza Grigsby's daughters, as administratrix of her estate or as an agreed agent of the heirs, and their distributable shares were paid to the plaintiffs in this suit.

The trial court weighed the evidence, and in a written opinion expressed the view that at the time the deed was executed the parties did not regard the leases in controversy and not excepted from the conveyance to be of any value. He found there were no grounds proven to authorize reformation of the deed. The evidence as to fraud or mutual mistake is certainly not of that clear and satisfactory character which is required to reform a deed. It is provided in CR 52.01 that the finding of fact by a trial judge "shall not be set aside unless clearly erroneous". We do not regard the finding to be erroneous at all.

Moreover, since the suit to reform the deed was instituted more than six years after its execution, at which time, or soon thereafter, the grantors knew of the 1917 mineral lease and others sought now to be excepted, the action is barred by the five year statute of limitations. KRS 413.120 (12). Combs v. Grigsby, 200 Ky. 31, 252 S.W. 111.

The judgment is affirmed.